89 F.3d 835
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alfonzo ADAMS, Defendant-Appellant.
 No. 95-5669.
 United States Court of Appeals, Sixth Circuit.
 June 4, 1996.
 
 Before: JONES, NELSON, and NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 The defendant, Alfonzo Adams, was convicted of violating 18 U.S.C. § 2114 by assaulting a postal employee, at gunpoint, with intent to steal money and government property. Mr. Adams appeals his conviction on the grounds (a) that the district court abused its discretion in admitting certain testimonial and fingerprint evidence, and (b) that the evidence against him was insufficient as a matter of law. Finding no abuse of discretion in the evidentiary rulings, and concluding that there was sufficient evidence to support the jury's verdict, we shall affirm the conviction.
 
 
 2
 * Nancy Wallace, a Postal Service employee, was working alone at the post office in Chapmansboro, Tennessee, when a man came in and purchased a stamp. After exchanging his stamp for a stamped envelope, according to Ms. Wallace, the man vaulted over the counter, using his left hand for support. Brandishing a semi-automatic gun in his right hand, he ordered Ms. Wallace to lie face down on the ground. After the man left, Ms. Wallace found that approximately $165 in cash and three money orders were missing from the register.
 
 
 3
 Ms. Wallace subsequently provided the police with a description of the robber and his clothing and a list of the serial numbers on the stolen money orders. She could not identify the face of the defendant as that of the robber (she picked another person's picture out of a photospread, indeed), but she was able to show the police where the robber had put his palm on the counter. The police lifted a palm print from that location, and the print proved to be a match for the defendant's left palm.
 
 
 4
 The three stolen money orders were cashed soon after the robbery by defendant Adams' girlfriend, a woman named Carolyn Walton. When Ms. Walton was first interviewed by U.S. Postal Inspector Gordon Wilson, she indicated that the defendant had asked her to cash the money orders. During a second interview, conducted some three weeks later, she claimed that it was her brother who had given her the money orders. At trial, however, Ms. Walton gave testimony consistent with her initial statement to Inspector Wilson. On cross-examination about the prior inconsistent statement, she explained that the change in her story had been prompted by threats from the defendant. On re-direct the government brought out, over objection, that Ms. Walton had originally given inspector Wilson a statement consistent with her trial testimony.
 
 II
 
 5
 The defendant cites Tome v. United States, 115 S.Ct. 696 (1995), for the proposition that Ms. Walton should not have been permitted to testify about her original statement. Tome teaches that a declarant's prior consistent statements may be admissible if made before an alleged motive to lie arose. The defendant contends that the involvement of Ms. Walton and her brother in the scheme gave her good reason to fabricate her story initially.
 
 
 6
 In our view the district court did not abuse its discretion in admitting evidence of the statement given by Ms. Walton before the threats were supposedly made. Ms. Walton was subject to cross-examination on her original statement, and under Rule 801(d)(1)(B), Fed.R.Evid., the statement was admissible to rebut the implicit charge that Ms. Walton's trial testimony was a recent fabrication.
 
 
 7
 It is true that Rule 801(d)(1)(B) carries over the common-law "pre-motive" rule, but it was up to the jury to decide whether the purported threats caused Ms. Walton to change her original story or whether that story itself was tinged by an improper motive. See United States v. Spears, 49 F.3d 1136, 1140 (6th Cir.1995). There was only one prior out-of-court declaration in Tome, whereas here there were two. Both of Ms. Walton's prior declarations were highly pertinent, given the particular facts of this case, and we do not read Tome as precluding the trial court from allowing the jury to learn of both declarations.
 
 III
 
 8
 We turn next to the palm print evidence. Under the rule of Borum v. United States, 380 F.2d 595 (D.C.Cir.1967), fingerprint evidence alone does not support a finding of guilt beyond a reasonable doubt if the print was found in an area generally accessible to the public. See United States v. Collon, 426 F.2d 939 (6th Cir.1970) (following Borum ). Where the government proffers additional evidence of guilt, however, fingerprint evidence has probative value and must be weighed by the jury along with all the other evidence. See, e.g., Gibson v. Collins, 947 F.2d 780, 785 (5th Cir.1991), cert. denied, 506 U.S. 833 (1992), and United States v. Roustio, 455 F.2d 366, 370 (7th Cir.1972).
 
 
 9
 As we read the record in the case at bar, the government produced sufficient additional evidence of guilt. The record indicates that Ms. Wallace provided a description that fit the defendant, and she pointed out the precise location of what turned out to be his palm print. The record further indicates that Ms. Walton cashed the stolen money orders at the defendant's behest and later changed her story when subjected to threats by the defendant. The district court did not err in allowing the jury to hear that the defendant's palm print was on the counter where the robber had placed his hand.
 
 IV
 
 10
 Viewing all of the evidence, including the palm print, in the light most favorable to the government, it seems to us that the evidence was more than sufficient to justify a rational juror's voting to convict. Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 
 11
 AFFIRMED.